NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0384n.06

No. 10-2201

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 09, 2012*

LEONARD GREEN, Clerk

EMMETT PETERSEN,                              )
                                             )
      Plaintiff-Appellant,                  )
                                             )   ON APPEAL FROM THE
v.                                           )   UNITED STATES DISTRICT
                                             )   COURT FOR THE WESTERN
WEST MICHIGAN COMMUNITY                      )   DISTRICT OF MICHIGAN
MENTAL HEALTH, HAROLD MADDEN,                )
and RICH VANDENHEUVEL,                       )
                                             )   OPINION
      Defendants-Appellees.                 )
                                             )

Before:  BATCHELDER, Chief Judge; CLAY and GILMAN, Circuit Judges.


**RONALD LEE GILMAN, Circuit Judge.**  In January 2009, after 31 years of employment, Emmett Petersen was terminated for cause by West Michigan Community Mental Health System (WMCMH), a state mental-health facility.  The basis for his discharge was a violation of WMCMH's policy regarding client confidentiality.  A month later, WMCMH offered to rehire him as an entry-level employee at a much lower pay rate on the condition that he execute an agreement releasing WMCMH from liability for any claims arising out of his previous employment.  Petersen executed the release, was rehired, and remains employed by WMCMH.

He nevertheless maintains that he was wrongfully discharged in January 2009.  This caused him to bring a complaint in Michigan state court against WMCMH, Harold Madden (chairperson of WMCMH's board of directors), and Rich Vandenheuvel (WMCMH's executive director),

alleging claims under both 42 U.S.C. § 1983 and state law. The defendants removed the action to federal court and then moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The district court granted their motion, concluding that the release barred Petersen's § 1983 claim. It then declined to exercise supplemental jurisdiction over his state-law claims. Petersen argues on appeal, as he did below, that the release is unenforceable because it lacks consideration and that he did not voluntarily execute the release due to economic duress.

After carefully considering the record, the briefs of the parties, and the applicable law, we agree with the judgment of the district court. Because the reasoning that supports the dismissal of Petersen's claims has been clearly articulated by the district court in a thorough and comprehensive opinion, the issuance of a detailed written opinion by this court would be unduly duplicative. Accordingly, the judgment rendered by the Honorable Janet T. Neff, United States District Judge for the Western District of Michigan, is **AFFIRMED** on the basis of the reasoning detailed in her Opinion and Order dated August 10, 2010.